IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARISTIDES MALDONADO, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Civ. No. 10-660-SLR |
| ) | Crim. No. 09-71-SLR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of August, 2013, having considered petitioner's motion to vacate, set aside, or correct sentence and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons that follow, petitioner's motion (D.I. 21) is denied.

1. **Background.** On June 23, 2009, a federal grand jury returned an indictment charging petitioner with illegally reentering the United States, in violation of 8 U.S.C. § 1326(a) & (b)(1). (D.I. 11) Petitioner entered a guilty plea to the charge on August 18, 2009. (D.I. 15)

2. On December 4, 2009, the court sentenced petitioner to 18 months of imprisonment. (D.I. 19) The court did not impose a term of supervised release because petitioner was subject to removal from the United States upon the expiration of his sentence.

3. On August 5, 2010, petitioner filed his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.I. 21)  Petitioner was released from the custody of the Bureau of Prisons on September 20, 2010. (D.I. 32 at ex. A)  The United States Immigration and Customs Enforcement removed petitioner from the United States to his native El Salvador on October 24, 2010. (*Id.* at ex. B)

4. **Discussion.** It is undisputed that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "power to render judgment is circumscribed by the Article III requirement that a live case or controversy exist throughout all states of litigation, including appellate review." *United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013). In the absence of an actual case or controversy, the case becomes moot and must be dismissed. *Id.*

5. With respect to cases involving a challenge to a criminal conviction, the Supreme Court has explained:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained.

*Spencer v. Kemma*, 523 U.S. 1, 7 (1998). The Supreme Court went on to hold that the potential future effects of a parolee's revocation were too speculative to allow a collateral challenge to the parolee's confinement for a parole violation after he was released from custody on that violation. *Id.* at 18.

6. Similarly, a defendant who has completed his prison term and is subsequently deported cannot challenge the underlying illegality of the completed sentence. *United States v. Mercurris*, 192 F.3d 290, 293-94 (2d Cir. 1999). Where the deported defendant has "only a quixotic chance of legally returning to the United States, the possibility that his aggravated felon status could make a difference to him under the immigration statutes is too speculative to create an Article III case or controversy." *Id;* see also *Diaz v. Duckworth,* 143 F.3d 345 (7th Cir. 1998); *Hose v. I.N.S.,* 180 F.3d 992, 996 (9th Cir. 1999).

7. The uncontested record reflects that petitioner completed his sentence and was deported to his native El Salvador. In light of *Spencer* and its progeny, the court finds that petitioner's collateral challenges are moot and his motion (D.I. 21) is denied.

8. **Evidentiary hearing.** Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; see also *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As outlined above, petitioner is not entitled to relief. Accordingly, the court the § 2255 motion is denied without an evidentiary hearing.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2) (A certificate of appealability is appropriate only if the

3

petitioner "has made a substantial showing of the denial of a constitutional right.");

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011).

                                                                        _____
                                                                         United States District Judge